UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


ABDEL EN NABUT                              *        CIVIL ACTION NO. 11-2762
                            Plaintiff       *
                                            *        SECTION: H
                                            *        JUDGE JANE TRICHE MILAZZO
VERSUS                                      *
                                            *
                                            *        MAGISTRATE: 4
DASCENTS, LLC, ET AL                        *        MAG. KAREN WELLS ROBY
                            Defendants       *
                                            *

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *


**ORDER AND REASONS**

The matters before the Court are a Motion to Dismiss by Mike's Worldwide Imports, Inc.

(Doc. 13), a Motion to Dismiss or Alternatively Motion for Entry of a Lone Pine Order by India

Imports, Inc. (Doc. 15), a Motion to Dismiss by Tulane Drug Analysis Laboratory, Inc. (Doc. 21) and

a Motion to Dismiss by Dascents, LLC (Doc. 28).

For the following reasons, the Court finds that it does not have subject matter jurisdiction

and therefore the action is dismissed under Federal Rule of Civil Procedure 12(h)(3).

**BACKGROUND**

Plaintiff alleges that Defendants Dascents, LLC ("Dascents"), Mike's Worldwide Imports, Inc. ("MWI"), LA 1 Wholesale, LLC ("LA 1"), JNA Manufacturing ("JNA"), and India Imports, Inc. ("India Imports"), collectively "Distributor Defendants," manufactured, distributed, and/or sold various products containing synthetic cannabinoid that were purchased by Plaintiff and other Louisiana retail operators. (Doc. 1, ¶¶V-VI.) Plaintiff claims that Distributor Defendants warranted to him and his "fellow class member retail store owners" that such products "were free of deleterious ingredients and not harmful to consumers." (*Id.* at ¶VI.)  Specifically, Distributor Defendants warranted that their products did not contain synthetic cannabinoid, which the Louisiana Legislature made illegal in 2011. (*Id.* at ¶VI.)  Moreover, the Distributor Defendants furnished documents from Tulane Drug Analysis Laboratory, Inc. ("Tulane") and Research Triangle Park Laboratories, Inc. ("Triangle Park") , collectively "Laboratory Defendants," certifying that their products did not contain synthetic cannabinoid. (*Id.* at  ¶VI.)

Plaintiff contends that he and his fellow class members relied on Defendants' warranties and certifications in continuing to sell Defendants' products (Doc. 1 ,  ¶VII), and that he and some of his fellow class members were arrested by State authorities and charged with "the felonious sale and distribution of cannabinoid." (*Id.* at  ¶ VIII.)  Plaintiff complains that he and his fellow class members now face charges, irreparable damage to their personal and business reputations, and the possibility of lost business licenses. (Doc. 1 at  ¶¶VIII-IX.) Finally, Plaintiff alleges that because of their reliance on Defendants' warranties and certifications, he and his fellow class members face the possibility of "suits by unwary customers who may have suffered many behavioral, emotional,

and psychiatric, [*sic*] conditions arising out of the unwarned consequence of using defendants' products." (*Id.* at ¶IX.)

Plaintiff filed a Class Action Complaint for Damages on November 5, 2011. (Doc. 1.) Subsequently, various Defendants filed Motions to Dismiss - MWI on January 9, 2012 (Doc. 13); India Imports on January 17, 2012 (Doc. 15); Tulane on February 3, 2012 (Doc. 21) and Dascents on February 8, 2012 (Doc. 28). Plaintiff opposed Defendants MWI and India Imports Motions to Dismiss on February 7, 2012. (Doc. 23.) India Imports filed a Reply brief on February 14, 2012. (Doc. 32.) Plaintiff opposed Defendants Tulane and Dascents Motions to Dismiss on February 22, 2012. (Doc. 33.) Both Tulane and Dascents filed Reply briefs. (Doc. 38, 40.) For the following reasons, Plaintiff's claims are dismissed.

## LEGAL STANDARD

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that: "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3). While cases are usually dismissed for lack of subject matter jurisdiction upon a motion by defendants under Rule 12(b)(1), "the Court may assert lack of subject matter jurisdiction, *sua sponte*, at any time." *Russell v. Choicepoint Services, Inc.,* 302 F. Supp. 2d 654, 659 (E.D. La. 2004). Once it is shown that a court lacks subject matter jurisdiction, the case should be dismissed without consideration of other motions, including Rule 12(b)(6) motions to dismiss. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 512 (5th Cir. 1980).

**LAW AND DISCUSSION**

Defendants India Imports and Tulane's Motions to Dismiss argue that dismissal of Plaintiff's suit is appropriate under Federal Rule of Civil Procedure 12(b)(6).  Additionally, these Defendants argue that dismissal of Plaintiff's class claims is appropriate. (*See* Doc. 15-1; Doc. 21-1.)  Defendant Dascents echoes these arguments and filed a "Motion to Strike Class Action Allegations." (*See* Doc. 28.)

This Court finds Plaintiff has neither pled the minimum facts necessary for establishing a class under Federal Rule of Civil Procedure 23 nor has he complied with Local Rule 23.1.  Therefore, class certification is denied.  In turn, the Court must dismiss the case for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, as complete diversity is not met and the Court does not have jurisdiction under 28 U.S.C. §1332(d).

*I. Class Certification*

Fed. R. Civ. P. 23(c)(1)(A) provides that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Fed.R.Civ.P. 23(c)(1)(A).  Local Rule 23.1(B) further requires that "[w]ithin 91 days after filing of a complaint in a class action . . . plaintiff must move for class certification under FRCP 23(c)(1), unless this period is extended upon motion for good cause and order by the court." LR 23.1.  To show good cause, the party seeking relief must "[s]how that the deadline cannot be met despite that party's diligence." *Buckley v. Donohue Industries, Inc.*, 100 Fed. Appx. 275, 278 (5th Cir. 2004).

While a court's decision concerning class certification is usually initiated by a motion by a

party, a court need not wait for a motion and may deny class certification sua sponte. *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 558-59 (5th Cir. 1981) ("The trial court has an independent obligation to decide whether an action was properly brought as a class action, even where neither party moves for a ruling on class certification.").

This Court finds that Plaintiff has failed to comply with the procedural requirements for maintaining a class action under LR 23.1(B). Plaintiff filed his Complaint on November 15, 2011. His ninety-one day window for moving for class certification under LR 23.1(B) expired in February of 2012. Plaintiff has had eight months to move for class certification, yet has failed to do so. Plaintiff has given no explanation, let alone shown good cause, as to why he has not yet provided a proposed class definition or moved for class certification. Additionally, this Court notes that Plaintiff has had ample opportunity to review Defendants' pointed arguments in opposition to class certification, (*see* Doc. 15 at 6-16; Doc. 21 at 7-18; Doc. 28), and has twice had opportunity to answer these arguments in its own opposition memoranda. (*See* Docs. 23, 33). Beyond the conclusory assertions that he acts "on behalf of a class of persons with common claims" (Doc. 23 at 1), Plaintiff has made absolutely no attempt to show how his putative class action satisfies, or even could satisfy, the requirements of Rule 23 or Local Rule 23.1.  Therefore, Plaintiff's class certification is denied.

*II. Subject Matter Jurisdiction*

Under the Class Action Fairness Act of 2005, codified in part by 28 U.S.C. §1332(d), diversity requirements are relaxed for interstate class action lawsuits and only minimal diversity is required. *See Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007).

Specifically, 28 U.S.C.A. §1332(d)(2)(A) provides that:

> [t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000 . . . and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant.

28 U.S.C.A. §1332(d)(2)(A) (West 2012).  28 U.S.C. §1332 (d)(2)(A) only applies to class actions, which are statutorily defined as "[c]ivil action[s] filed under Rule 23 of the Federal Rules of Civil procedure or similar State statute or rule of judicial procedure." 28 U.S.C.A. §1332 (d)(1) (West 2012).

Plaintiff asserts that the Court has jurisdiction over this putative class action under 28 U.S.C. §1332 (d)(2)(A).  Plaintiff argues that because he and at least one defendant are citizens from different states, and that class-wide damages will amount to at least five million dollars then the requirements for subject matter jurisdiction under 28 U.S.C. §1332(d)(2)(A) are satisfied on the face of Plaintiff's Complaint. (Doc. 1,  ¶X.)

The Court does not have jurisdiction under 28 U.S.C. §1332 (d)(2)(A) as Plaintiff's class certification is denied.  Thus, the Court must determine if it has diversity jurisdiction under 28 U.S.C. §1332(a).

Federal courts only have original jurisdiction under 28 U.S.C. §1332(a) if there is complete diversity of citizenship between parties.  28 U.S.C.A. §1332(a) (West 2012). Thus, diversity jurisdiction is only proper in "[c]ases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

The citizenship of the parties, as alleged by Plaintiff in his complaint, are as follows - Plaintiff is a citizen of Louisiana, Dascents is a citizen of Texas, MWI is a citizen of Texas, LA 1 is a citizen of

Louisiana, JNA is a citizen of Louisiana, Triangle Park is a citizen of North Carolina, Tulane is a citizen of Louisiana, and India Imports is a citizen of Louisiana.  (Doc. 1, ¶¶ I-II.) Ultimately, because Plaintiff and at least one Defendant are both domiciled in Louisiana, this Court does not have jurisdiction under 28 U.S.C. §1332(a).

In conclusion, this Court does not have subject matter jurisdiction under either 28 U.S.C. §1332 (d)(2)(A) or 28 U.S.C. §1332(a).  Thus, this action is dismissed under Federal Rule of Civil Procedure 12(h) without consideration of Defendants' Rule 12(b)(6) Motions to Dismiss.

## CONCLUSION

For the foregoing reasons, the Court finds that it does not have subject matter jurisdiction and therefore the action is dismissed under Federal Rule of Civil Procedure 12(h)(3).

A final judgment shall be entered in accordance with this Order.

New Orleans, Louisiana this 17th day of July, 2012.


_____
JANE TRICHE MILAZZO
UNITED STATES DISTRICT COURT JUDGE